## WILLIAM O'BAR v. THE STATE.

1—On the same overt act the accused was charged in two separate indictments, one being for assault with intent to kill, and the other for assault with intent to rob. The jury found him guilty of the assault with intent to kill; whereupon the other indictment was submitted by agreement to the same jury, and they returned on it a verdict of acquittal, with the explanation that this charge had been considered on the trial of the indictment for assault with intent to kill, of which they had convicted the accused. The evidence would have warranted a conviction on the charge of which the accused was thus acquitted; but it did not establish an assault with intent to kill, of which he had been convicted. *Held,* that notwithstanding the accused was manifestly guilty of a high crime, this improper conviction must be set aside; and as the accused had been acquitted of the only offense established by the evidence, the case is dismissed.

APPEAL from Fayette. Tried below before the Hon. J. B. McFarland.

The opinion of the court discloses all the facts of any significance.

*Moore & Ledbetter,* for the appellant.

*E. B. Turner,* Attorney General, for the State.

WALKER, J.—This was an indictment for an assault with intent to kill and murder.

The appellant was, at the same time and place, indicted for an assault with intent to rob. The facts upon which the indictments were found are the same in each case, and constitute but one crime in fact. The assault was made upon one John H. Moore, commonly known as Jack Moore,

and so described in the indictment. By the statement of facts, it appears that appellant met Moore upon the highway, on a Sunday morning, early in the month of October, 1867, and presented a pistol near Moore's breast and demanded his money. Moore told him he had no money. Appellant told him to turn his pockets, which he did; showed no money, and the appellant rode off. Moore testified on the trial that accused did not threaten to shoot, or make any effort to do so, but only demanded his money. The witness testified that he did not think the appellant intended to do anything but rob him. This is the only material evidence offered by the State. It is not even proven in what county the offense was committed. It appears from the record that there were two cases set for trial at the May term of the court for the year A. D. 1868, and numbered 1157 and 1158. Case 1157 was that wherein the appellant was indicted for an assault with intent to kill and murder. This cause was tried by a jury. The jury found appellant guilty, and fixed his punishment at three years' confinement in the penitentiary. A motion was made for a new trial and overruled by the court.

And, now, the same jury that had tried case numbered 1157, were empanneled in 1158, and, by agreement, they determine this case upon the evidence offered in case No. 1157, and in their finding they acquit the appellant, saying that they had considered this indictment, or the "charge to rob," in a former case, wherein they had convicted the appellant of an assault with intent to kill.

We think it very questionable if they, at any time, knew which of the two cases they were trying. The evidence would have supported a verdict of guilty under the indictment for an assault with intent to rob, but in this case the jury acquitted the appellant. The evidence will not warrant a conviction under the charge of an assault with intent to kill, in which case the jury convicted. And as the appellant, though no doubt guilty of a high crime, has been acquitted of the only charge which the evidence could make good against him, and

convicted of a crime which the evidence did not establish, the judgment of the District Court is reversed and the case ordered to be dismissed.

Reversed and dismissed.